IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PROMOTE INNOVATION LLC, | § |
| *Plaintiff*, | § |
| v. | § |
| | § CIVIL ACTION NO. 2:10-cv-120-TJW |
| BRISTOL-MYERS SQUIBB COMPANY, | § |
| *Defendant*. | § |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Before the Court is Defendant Bristol-Myers Squibb Company's ("BMS") Motion to Transfer Venue to the District of New Jersey. (Dkt. No. 46.) The Court, having considered the venue motion and the arguments of counsel, GRANTS the motion to transfer venue for BMS to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by Plaintiff Promote Innovation LLC ("Promote"). *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

**II.     Factual and Procedural Background**

Promote is a Texas limited liability company with a principal place of business in Houston, Texas, which is situated within the Southern District of Texas. (Dkt. No. 1.) BMS is a Delaware Corporation with its principal place of business in New York and several corporate offices in New Jersey.

Promote brought this action against BMS for an alleged violation under 35 U.S.C. § 292 for false patent marking. Promote alleges that BMS has marked and continue to mark its products with expired or otherwise inapplicable patents. The present issue is BMS's Motion to Transfer Venue. (Dkt. No 46.) BMS moves this Court to transfer venue in this case to the District of New Jersey. The following pages outline the Court's analysis.

## III. Analysis

### A. Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth Circuit and Federal Circuit have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314. This Court has confirmed that for cases alleging false patent marking, although the Plaintiff in these *qui tam* actions is bringing the lawsuit on behalf of the United States, the burden is the same in these cases as the burden announced in *Volkswagen II*. *See Texas Data Co., L.L.C. v.*

*Target Brands, Inc.*, Civ. No. 2:10-cv-269-TJW, 2011 WL 982283 (E.D. Tex. Jan. 12, 2011) (J. Ward).

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of unwilling witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.*

### B. Proper Venue

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagen I*, 371 F.3d at 203. Neither party disputes that this case could have been brought in the District of New Jersey, and this Court agrees. Thus, the threshold determination is met in this case.

### C. Private/Public Interest Factor Analysis

*1.     Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first private interest factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. The plaintiff's documents are located in Houston, Texas and are closer to the Eastern District of Texas. But most of the relevant sources of proof in this case are in the custody of BMS given the nature of the false patent marking statute. Most of BMS's documents are located in New Jersey or close to New Jersey in New York, Connect or Delaware. None of BMS's documents are located in Texas. Therefore, this factor favors transfer.

*2.     Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of unwilling witnesses. Rule 45(c)(3)(A)(ii) limits the Court's absolute subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. This factor will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue. *See id.* This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *See id.* "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Promote has not provided any potential witnesses for which this Court's subpoena power will be needed. On the other hand, BMS has identified at least two potential witnesses that may have information relevant to this action that are within the absolute subpoena power of the New Jersey Court. Therefore, this factor favors transfer.

3.   *Cost of Attendance for Willing Witnesses*

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the District of New Jersey. The Court must consider the convenience of both the party and non-party witnesses. *Volkswagen I*, 371 F.3d at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009). BMS has provided at least seven potential witnesses who possess relevant information, and these witnesses are all located in or close to New Jersey. (Dkt. No. 46-1, at 4.) Promote, at most, may have one potential witness in Houston, Texas. Thus, this factor favors transfer.

4.   *Other Practical Problems*

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Judicial economy weighs against transfer when the Court already has familiarity with the case's factual issues. *Id.* Further, the Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)). Relating to this factor, Promote argues that BMS's motion to transfer is untimely because it was not filed with "reasonable promptness." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The Court observes that "a Section 1404(a) transfer motion can technically be made at any time." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000). BMS, however, filed its motion over two months after the Status Conference held on November

5

23, 2011. In addition, the parties have already completed some discovery and trial was merely four months away whenever BMS filed its motion. Finally, this case has been pending nearly a year and at the time BMS filed its motion the case had been pending approximately nine months. The Court holds that this factor slightly weighs against transfer.

     5.    *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *In re Genentech*, 566 F.3d at 1347. Plaintiff argues that transferring the case to New Jersey would dramatically delay the trial because of the congestion of the courts in the District of New Jersey. Specifically, Plaintiff contends that the median time to trial in New Jersey is approximately three years, which is beyond the current trial setting of June 2011 and longer than the median time to trial in this district. Given the potential delay and the differences in median times to trial, the Court agrees that this factor slightly weighs against transfer.

     6.    *Local Interest*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

This case is like *TS Tech* because the only local interest is that the product at issue is sold in the Eastern District of Texas. *See In re TS Tech*, 551 F.3d at 1321. As in *TS Tech*, "[n]one of the companies have an office in the Eastern District of Texas; no identified witnesses reside in the

Eastern District of Texas; and no evidence is located within the venue." *Id.* The plaintiff company does not even have an office in the Eastern District of Texas; instead, its office is in Houston in the Southern District of Texas. Further, in accordance with Fifth Circuit and Federal Circuit precedent, the fact that the allegedly falsely marked product is sold in the Eastern District of Texas cannot, by itself, make the local interest factor weigh against transfer. *See id.* ("The vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"); *Volkswagen II*, 545 F.3d at 317-18.

In contrast, the District of New Jersey has a particularized interest in the resolution of this case. For example, the individuals responsible for making the decisions to mark the accused product with the patent are located in New Jersey or close to New Jersey. This is an important consideration because, as noted above, one of the key issues in a claim under 35 U.S.C. § 292 is the intent of the party marking the product with the patent. Thus, this factor weighs in favor of transfer.

7. *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the District of New Jersey and the Eastern District of Texas are equally capable of applying the law regarding false patent marking claims; therefore, this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320.

8. *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor is neutral.

**E.    The Court Grants Defendants' Motion to Transfer**

7

Considering all of the private and public interest factors, the BMS has met its burden of showing that the District of New Jersey is "clearly more convenient" than the Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 315. Four factors weigh in favor of transfer: relative ease of access to sources of proof, availability of compulsory process, cost of attendance for willing witnesses, and local interest. On the other hand, two factors slightly weigh against transfer: judicial economy and court congestion. Therefore, BMS's motion to transfer venue is GRANTED.

## IV.  Conclusion

For the foregoing reasons, the Court GRANTS BMS's Motion to Transfer Venue to the District of New Jersey.

It is so ORDERED.

SIGNED this 13th day of April, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE